1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Suite 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530

4  Attorney for Plaintiffs
   ANDREW COHEN AND JAMES LEWIS.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN, an individual; JAMES LEWIS, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1-50<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. RETALIATION Cal. Govt. Code §12940<br>2. RETALIATION - U.S.C. § 2000(e) et seq. (Title VII of the Civil Rights Act of 1964)<br>3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

1

**INTRODUCTION**

1. This is an action for damages for Retaliation and Intentional Infliction of Emotional Distress. This action arises out of events involving Plaintiffs ANDREW COHEN and JAMES LEWIS (hereinafter "Plaintiffs") and Defendant City and County of San Francisco (hereafter "Defendant" or "THE CITY"). Plaintiffs were employed as Peace Officers by the City and County of San Francisco in San Francisco. Therefore, jurisdiction is proper in San Francisco County.

**THE PARTIES**

2. James Lewis ("Lewis") is an individual employed by THE CITY as a Police Officer. THE CITY has employed LEWIS for twenty-four years. LEWIS has spent his career both as an Officer and as a Housing officer for the San Francisco Police.

3. Andrew Cohen ("Cohen") is an individual employed by THE CITY as a Police Officer. THE CITY has employed COHEN for eleven years. During this time, COHEN produced a variety of videos for the Police Department and THE CITY, including documentaries and other satirical videos. COHEN's superiors and peers encouraged his artistic abilities, noting that they were morale boosters for other officers.

4. Plaintiffs are informed and believe and thereon allege that THE CITY is a governmental entity.

5. Plaintiffs are informed and believe and thereon allege that defendant HEATHER FONG ("Fong") is an individual employed by THE CITY as Chief of Police.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and Plaintiffs therefore sue such defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon

COMPLAINT

2

|   |   |
|---|---|
| 1 | allege that each of these fictitiously named defendants is responsible in some |
| 2 | manner for the occurrences, and that such aforementioned defendants' acts and |
| 3 | omissions proximately caused the Plaintiffs' injuries as alleged herein. |

7. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, each individual defendant was and is the agent, employee and servant of THE CITY and committed the occurrences, acts and omissions complained of herein while acting within the scope of such agency, employment and servitude. Each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

## **GENERAL ALLEGATIONS**

8. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 7 above.

9. Plaintiffs herein are members of a group of Plaintiffs who filed an action against Defendants CITY and FONG for *inter alia* racial discrimination and various civil rights violations stemming from their participation in the creation of certain video vignettes (the "VIDEOS"), entitled *Harmston, et. al. v. CCSF, et. al.*, United States District Court for the Northern District of California, Case No. 3:07-cv-01186-SI (the "*Harmston*" case).

10. As a direct result of Plaintiffs' active participation as Plaintiffs in the *Harmston* litigation, including their participation in the deposition of Chief Heather Fong on or about September 20, 2007, beginning in or about September 29, 2007, Plaintiffs were retaliated against and were subjected to an extreme degree of scrutiny including but not limited to being monitored by other officers in the performance of their duties.

11. As a direct result of Plaintiffs' participation as Plaintiffs in the *Harmston* litigation, including but not limited to their participation in the deposition of Chief Heather Fong in the *Harmston* litigation on or about September 20, 2007, Plaintiffs were

COMPLAINT

3

subjected to an extreme degree of scrutiny by Defendants, who required that Plaintiffs be monitored by other officers at all times in the performance of their duties.

12. Plaintiffs have suffered further adverse employment actions for participating in the *Harmston* litigation. The requirement imposed by Defendants of constant and intrusive supervision and monitoring at all times has caused Plaintiffs' shifts to be changed in order to accommodate the needs of the officers serving as monitors of Plaintiffs' work.

13. The shift changes required by the monitoring officers' schedules has caused extreme hardship upon Plaintiffs.

14. Plaintiffs are informed and believe and thereon allege that Defendants' intent in subjecting Plaintiffs to extreme scrutiny, demeaning them in front of their peers was done with knowledge and malicious intent.

15. Defendants have not followed Department General Orders, Policies and Practices, and Statutes covering discipline and adverse employment actions in imposing the extreme scrutiny and schedule manipulation that Plaintiffs are suffering under.

16. Plaintiffs have complained to their supervisors concerning the drastic conditions of increased scrutiny and shift manipulation, but have been ignored.

17. Plaintiffs have been subjected to scorn and ridicule by virtue of having to be supervised every moment they are on duty.

18. Plaintiffs work conditions have changed dramatically for the worse since their participation in the *Harmston* litigation.

19. Plaintiffs are informed and believe and thereon allege that because of the acts of FONG and THE CITY, they have suffered extreme humiliation and embarrassment from being monitored in the fashion described above and having their shifts changed. The acts of THE CITY and FONG have taken a great toll on Plaintiffs, including loss of friendships, alienation from family members, and

COMPLAINT

4

straining marriages, not to mention plaintiffs' personal feelings of fear, shame, and anger.

# FIRST CAUSE OF ACTION AGAINST
# DEFENDANTS CITY, FONG, AND DOES 1-50
# RETALIATION
# Cal. Govt. Code §12940

20. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 19 above.

21. Plaintiffs are informed and believe and thereon allege that defendants THE CITY and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for opposing unlawful practices under FEHA.

22. Plaintiffs are informed and believe and thereon allege that THE CITY through its agent and employee FONG retaliated against Plaintiffs in violation of California Government Code § 12940.

23. Defendants did so by materially changing the employment conditions of Plaintiffs after they filed Notices of Tort Claims for their race discrimination claims related to their suspensions, which were the basis of the *Harmston* litigation.

24. Plaintiffs are informed and believe and thereon allege that after, Plaintiffs participated in the deposition of Heather Fong in the *Harmston* litigation, Plaintiffs were given different, odd-hour, schedules, in violation of their contracts. Plaintiffs' new positions were regarded as highly undesirable, and their new hours restricted Plaintiffs' ability to provide childcare.

25. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against Plaintiffs which are not yet fully known. When

COMPLAINT

said practices become known to Plaintiffs, they will seek leave to amend this complaint in those regards.

26. As a direct and proximate result of defendants' willful, knowing, and intentional acts, and defendants' failure to act, Plaintiff have suffered and will continue to suffer mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

27. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs rights. As such, punitive damages are warranted against defendants in order to punish and make an example of them.

## SECOND CAUSE OF ACTION AGAINST
## DEFENDANTS CITY AND DOES 1-50
## RETALIATION
## 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964)

28. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 27 above.

29. Plaintiffs are informed and believe and thereon allege that defendants THE CITY and engaged in retaliatory conduct in violation of public policy against Plaintiffs for opposing unlawful practices in the *Harmston* litigation.

30. Plaintiffs are informed and believe and thereon allege that THE CITY through its agent and employee FONG retaliated against Plaintiffs in violation of 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964).

31. Defendants did so by materially changing the employment conditions of Plaintiffs after they filed Notices of Tort Claims and a Compliant in the *Harmston* litigation for their race discrimination claims related to their suspensions.

COMPLAINT

6

32. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against Plaintiffs which are not yet fully known. When said practices become known to Plaintiffs, they will seek leave to amend this complaint in those regards.

33. As a direct and proximate result of defendants' willful, knowing, and intentional acts, and defendants' failure to act, Plaintiffs have suffered and will continue to suffer mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

34. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against defendants in order to punish and make an example of them.

## THIRD CAUSE OF ACTION AGAINST
## DEFENDANTS CITY, FONG AND DOES 1- 50
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 34 above.

36. Plaintiffs are informed and believe and thereon allege that THE CITY by and through its agents, employees and defendants FONG and DOES 1-50 acted without regard to the health and safety of Plaintiffs, and each of them treated Plaintiffs in the deplorable manner alleged herein.

37. Plaintiffs are informed and believe and thereon allege that defendants, standing in a position of authority over Plaintiffs, deliberately acted without regard to Plaintiffs' health, safety, or well-being, causing them severe emotional and physical distress.

38. Plaintiffs are informed and believe and thereon allege that as a proximate result of defendants' extreme and outrageous acts, Plaintiffs suffered severe emotional

COMPLAINT

|   |   |
|---|---|
| 1 | distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress |
| 2 | and indignation. Defendants acted with the willful knowledge that Plaintiffs |
| 3 | would suffer severe harm as a result. |

39. Plaintiffs are informed and believe and thereon allege that defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish them and make an example of their actions.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief as follows:

1. For general damages in excess of the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For a mandatory injunction requiring defendants to reinstate Plaintiffs to their previous positions without record of the adverse employment actions taken by defendants, pursuant to *Government Code* §12970(a);

6. For interest as provided by law;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court deems fair and just.

Dated: December 7, 2007                     LAW OFFICES OF WAUKEEN Q. McCOY

By _____
WAUKEEN Q. McCOY
Attorney for Plaintiffs

COMPLAINT

8