DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Team
LAWRENCE HECIMOVICH, State Bar #129688
ADELMISE WARNER, State Bar #215385
Deputy City Attorneys
Fox Plaza
1390 Market Street, Floor No. 5
San Francisco, California 94102-5408
Telephone:    (415) 554-3933
Facsimile:    (415) 554-4248

Attorneys For Defendants
CITY AND COUNTY OF SAN FRANCISCO
and SFPD CHIEF HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, an individual; GIGI GEORGE, an individual; JAMES LEWIS, an individual; MIKE EVANSON, an individual; ERIK SOLARES, an individual; DAVE PARRY, an individual; ANDREW COHEN, an individual; NOAH MALLINGER, an individual; CARLOS MUSTAFICH, an individual; LUIS DEJESUS, an individual; JAMES D. AHERNE, an individual; JASON KIRCHNER, an individual; REGINALD SCOTT, an individual; GERALD P. LYONS, an individual; WENDY HURLEY, an individual; HOLLY STOUMEN, an individual; CHRISTINE ARNDT, an individual; SHAREEF NASIR, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1-50, <br><br> Defendants. | Case No. C 07-01186 SI <br> Case No. C07-6208 EMC <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE AND/OR MERGE CASES** <br><br> Date:         January 25, 2008 <br> Time:        9:00 a.m. <br> Courtroom: 10, 19th Floor <br>                    Hon. Susan Illston |

1  **TO PLAINTIFFS CLAYTON HARMSTON, ANDREW COHEN, JAMES LEWIS *ET
2  AL.*, AND THEIR ATTORNEYS OF RECORD:**

3  PLEASE TAKE NOTICE that on January 25, 2008 at 9:00 a.m., in Courtroom 10 of the
4  above Court, the Honorable Susan Illston presiding, Defendants the City and County of San
5  Francisco ("the City") and Heather Fong, Chief of the San Francisco Police Department, by and
6  through their attorneys of record (collectively "Defendants"), will and hereby do move the Court, for
7  consolidation and /or merger of the action of *Cohen and Lewis v. City and County of San Francisco*
8  *and Chief of Police Heather Fong,* United States District Court Case No. C07-6208 EMC.  This
9  Motion is brought on the following grounds:

10  **LEGAL STANDARD FOR CONSOLIDATION**

11  Pursuant to FRCP 42(a), the Court may order actions to be consolidated for hearing and trial if
12  there are "common question[s] of law or fact."  The Court has broad discretion to decide whether
13  consolidation is desirable.  *Investors Research Company v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir.
14  1989); *Wright and Miller*, Vol. 9, Section 2353, pp. 437-438 (1994 ed.).  The Court should weigh the
15  savings of time and effort that consolidation will produce against any inconvenience, delay, or
16  expense that it would cause. *Id*. at 439;  *See also Huane v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).
17  Here, consolidation and merger are required because Cohen and Lewis are not entitled to bring a
18  separate action alleging the same wrongs and injuries at issue in this action.  *San Remo Hotel v. City*
19  *& County of San Francisco,* 545 U.S. 323, 336 (2005); *Davis v. University of Chicago,* 53 F.3d 801,
20  803 (1995).

21  **FACTUAL BACKGROUND**

22  On December 6, 2005, San Francisco Police Officers Association President Gary Delagnes
23  informed Chief Heather Fong that Officer Andrew Cohen had posted five highly offensive vignettes
24  on his website.  The vignettes depict Bayview Station officers engaged in racist, sexist and
25  homophobic conduct.  Delagnes showed Chief Fong the vignettes and told her that the press had seen
26  them as well.

27  Chief Fong acted with urgency to maintain public confidence in the Department.  She
28  immediately ordered each of the officers who participated in the vignettes administratively

1  suspended, pending a comprehensive investigation.  She further informed Mayor Newsom of the
2  vignettes' inappropriate content and the potential impact on City-wide community relations.

3        Chief Fong took these actions not knowing the participants' identities.  The Department's
4  Management Control Division studied the vignettes and, on December 8, identified the willing
5  participants.  Chief Fong immediately placed each of them on administrative suspension.

6        On December 7, in the midst of its effort to compile the suspension list, MCD learned that
7  Cohen had created a DVD containing approximately two dozen additional vignettes (calling it "the
8  Bayview Comedy Video").  Upon learning of the Video, Chief Fong ordered MCD investigators to
9  compile a second list of participants.  Chief Fong further ordered the Video's key participants
10 reassigned and disarmed pending completion of the administrative process.  Among those reassigned
11 were Cohen; Officer Wendy Hurley, who planned several vignettes; Officer Jimmy Lewis, the
12 principal star; Officers Parry and Harmston, who planned and starred in a racially and sexually
13 offensive vignette; and Sergeant Evanson, who knew about the Video but didn't report it.

14       In October 2006, MCD completed its investigation.  MCD recommended that Plaintiffs
15 Cohen, Hurley, Lewis, Harmston and Parry be referred to the Police Commission for discipline
16 beyond 10-day suspensions; that Sergeant Evanson be suspended 10 days; that five officers who used
17 firearms in the vignettes each be suspended five days; and that a total of 40 Bayview officers be
18 disciplined or counseled.  Chief Fong adopted MCD's recommendations as to each of the Plaintiffs
19 and ultimately disciplined or counseled 29 officers.  None of the officers MCD recommended for
20 discipline or counseling but who were not disciplined or counseled is Asian.

21 **PROCEDURAL BACKGROUND**

22       Plaintiffs filed their complaint in this action in the superior court for the city and county of
23 San Francisco on August 10, 2006.  Plaintiffs' first amended complaint (the operative complaint) was
24 filed on January 27, 2007 and was removed to the United States District Court on February 28, 2007.

25       Plaintiffs' retaliation claim alleges that Chief Fong has retaliated against Cohen, Lewis and
26 four other Plaintiffs by reassigning them, disarming them, and ultimately disciplining them for their
27 May and June 2006 discrimination allegations.  Plaintiffs allege that the City and Chief Fong
28 retaliated against Cohen and Lewis in various specific regards based on their "opposing unlawful

practices under FEHA." (First Amended Complaint ¶ 69) Plaintiffs further allege that "in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against [Cohen and Lewis] which are not yet fully known. When said practices become known to Plaintiffs, they will seek leave to amend this compliant in those regards." (FAC ¶ 74)

On December 12, 2007, Plaintiffs Cohen and Lewis filed a complaint in *Cohen and Lewis v. City and County of San Francisco and Heather Fong,* Case No. C07-6208 EMC ("*Cohen-Lewis II*," attached as Ex. A) In that action, Plaintiffs Cohen and Lewis allege that they have suffered unlawful retaliation because they filed a claim with the City, a charge of discrimination with the Department of Fair Employment and Housing and the civil complaint in this matter. (Ex. A at ¶¶ 9-19, 22-27, 29-34, 36-39).

Upon being served with the Complaint in *Cohen-Lewis II*, counsel for Defendants immediately contacted Plaintiffs' attorney Waukeen McCoy and requested that McCoy stipulate to consolidation and merger or explain any distinction between the claims in this matter and the claims asserted in *Cohen-Lewis II*. (See Exhibits B and C, Lawrence Hecimovich's December 17 and 19, 2007 letters to Waukeen McCoy.) While McCoy responded to Hecimovich relating to other issues, he failed to address the issue of consolidation and merger or the impropriety of his having filed a second lawsuit alleging the same wrongs. (Hecimovich Decl. ¶ 3)

**GOOD CAUSE EXISTS TO CONSOLIDATE AND MERGE THESE CASES, SUBJECT TO THE EXISTING CALENDAR**

These cases should be consolidated because of the common questions of law and fact that each case presents. Both cases involve not only the same facts, but also the same law: both allege retaliation under Title VII of the 1964 Civil Rights Act and the Fair Employment and Housing Act, and both assert a lone tort claim for intentional infliction of emotional distress.

Cohen and Lewis are not entitled to bring a separate action alleging the same wrongs and injuries at issue in this action. *San Remo Hotel v. City & County of San Francisco,* 545 U.S. 323, 336 (2005); *Davis v. University of Chicago,* 53 F.3d 801, 803 (1995). Under California procedural law, which governs this issue, the rule against duplicative actions applies even if the claims are not expressly asserted in the first action, so long as the claims are based on the same "primary right" to be

free from a particular injury.  *Migra v. Warren*, 465 U.S. 75, 81 (1984); *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 904 (2002); *Federation of Hillside and Canyon Associations v. City of Los Angeles,* 126 Cal. App. 4th 1180, 1203 (2004).

Even if it were permissible for Plaintiffs to file a new action asserting the same wrongs and injuries as are at issue in this matter, allowing that suit to be conducted before a different Judge would create the potential for conflicting results as to rulings on the scope of actionable conduct; the applicable limitations period; the extent of damages recoverable; and the extent to which Plaintiffs have or have not exhausted administrative remedies.

This action and *Cohen-Lewis II* are subject to consolidation and merger because: (1) they both concern substantially the same parties --- Plaintiffs Andrew Cohen and James Lewis and Defendants City and County of San Francisco and San Francisco Police Chief Heather Fong; (2) they both concern substantially the same event or question – whether Cohen and Lewis have suffered retaliation based on their filing tort claims and DFEH charges alleging unlawful discrimination; and (3) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Judicial economy and convenience strongly suggest that consolidation of these related cases is appropriate.  Discovery in this matter is ongoing with Plaintiffs not having completed a single deposition, and Defendants not having completed Lewis' deposition.  Thus, the only additional discovery would be if Defendants elected to reopen Plaintiff Cohen's deposition, which Defendants do not presently contemplate.  Consolidating the cases will avoid the City having to file two separate motions for summary judgment, and would avoid having to have two separate trials.  Consolidation will also decrease the likelihood of inconsistent adjudications.  Further, each plaintiff is a witness in the other's case.  The cost to the City in both time, money, and disruption to the work place by requiring more than 20 employees to testify at two separate trials can be avoided by consolidation. Finally, each trial will likely require at least one week of the Court's time and consolidation would mean that the Court would only have to hear the same set of facts one time.

Defendants request that the trial date and motion dates currently set become the trial date for the consolidated and merged cases.

**REQUESTED ORDER**

Because of the common questions of fact and law, Defendants respectfully request that the Court:

1. Order the two cases consolidated and merged for all purposes; and
2. Apply the existing pre-trial order to the merged cases.

Dated: December 21, 2007

                 DENNIS J. HERRERA
                 City Attorney
                 ELIZABETH SALVESON
                 Chief Labor Attorney
                 LAWRENCE HECIMOVICH
                 Deputy City Attorney


            By: _Lawrence Hecimovich_____
                LAWRENCE HECIMOVICH

                Attorneys for Defendants
                CITY AND COUNTY OF SAN FRANCISCO,
                and HEATHER FONG