DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Team
LAWRENCE HECIMOVICH, State Bar #129688
ADELMISE WARNER, State Bar #215385
Deputy City Attorneys
Fox Plaza
1390 Market Street, Floor No. 5
San Francisco, California 94102-5408
Telephone:   (415) 554-3933
Facsimile:   (415) 554-4248

Attorneys For Defendants
CITY AND COUNTY OF SAN FRANCISCO
and SFPD CHIEF HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, an individual; GIGI GEORGE, an individual; JAMES LEWIS, an individual; MIKE EVANSON, an individual; ERIK SOLARES, an individual; DAVE PARRY, an individual; ANDREW COHEN, an individual; NOAH MALLINGER, an individual; CARLOS MUSTAFICH, an individual; LUIS DEJESUS, an individual; JAMES D. AHERNE, an individual; JASON KIRCHNER, an individual; REGINALD SCOTT, an individual; GERALD P. LYONS, an individual; WENDY HURLEY, an individual; HOLLY STOUMEN, an individual; CHRISTINE ARNDT, an individual; SHAREEF NASIR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1-50,<br><br>Defendants. | Case No. C 07-01186 SI<br>Case No. C07-6208 EMC<br><br>**DECLARATION OF LAWRENCE HECIMOVICH IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE AND / OR MERGE CASES**<br><br>Date:           January 25, 2008<br>Time:          9:00 a.m.<br>Courtroom:  10, 19th Floor<br>                    Hon. Susan Illston |

I, LAWRENCE HECIMOVICH, declare as follows:

1.  I am an attorney of record for Defendants the City and County of San Francisco and Heather Fong, Chief of Police of the San Francisco Police Department, in the above-captioned matter. I am admitted to practice law in California and to appear before this Court. I have personal knowledge of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts contained herein.

2.  Attached hereto as Exhibit A is a true and correct copy of the Complaint that was served on Defendants on or about December 12, 2007 in *Cohen and Lewis v. CCSF and Heather Fong*, Northern District Case No. C07-6208 EMC.

3.  Upon being served with the Complaint in *Cohen-Lewis II*, I immediately contacted Plaintiffs' attorney Waukeen McCoy and requested that McCoy stipulate to consolidation and merger or explain any distinction between the claims in this matter and the claims asserted in *Cohen-Lewis II*. While McCoy responded to Hecimovich relating to other issues, he failed to address the issue of consolidation and merger or the impropriety of his having filed a second lawsuit alleging the same wrongs. Attached hereto as Exhibit B and C are true and correct copies of the letters I sent Mr. McCoy on December 17 and 19, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 21st day of December 2007, in San Francisco, California.

LAWRENCE HECIMOVICH

# EXHIBIT A

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiffs
ANDREW COHEN AND JAMES LEWIS.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW COHEN, an individual; JAMES ) Case No. C 07 6208 EMC
LEWIS, an individual )
)
) COMPLAINT FOR:
)
Plaintiffs, ) 1. RETALIATION Cal. Govt. Code §12940
) 2. RETALIATION - U.S.C. § 2000(e) et
vs. ) seq. (Title VII of the Civil Rights Act of
) 1964)
) 3. INTENTIONAL INFLICTION OF
) EMOTIONAL DISTRESS
CITY AND COUNTY OF SAN FRANCISCO, )
HEATHER FONG, an individual, and DOES )
1-50 )
)
Defendants. )
) JURY TRIAL DEMANDED
)
)
)

COMPLAINT

1

## INTRODUCTION

1. This is an action for damages for Retaliation and Intentional Infliction of Emotional Distress. This action arises out of events involving Plaintiffs ANDREW COHEN and JAMES LEWIS (hereinafter "Plaintiffs") and Defendant City and County of San Francisco (hereafter "Defendant" or "THE CITY"). Plaintiffs were employed as Peace Officers by the City and County of San Francisco in San Francisco. Therefore, jurisdiction is proper in San Francisco County.

## THE PARTIES

2. James Lewis ("Lewis") is an individual employed by THE CITY as a Police Officer. THE CITY has employed LEWIS for twenty-four years. LEWIS has spent his career both as an Officer and as a Housing officer for the San Francisco Police.

3. Andrew Cohen ("Cohen") is an individual employed by THE CITY as a Police Officer. THE CITY has employed COHEN for eleven years. During this time, COHEN produced a variety of videos for the Police Department and THE CITY, including documentaries and other satirical videos. COHEN's superiors and peers encouraged his artistic abilities, noting that they were morale boosters for other officers.

4. Plaintiffs are informed and believe and thereon allege that THE CITY is a governmental entity.

5. Plaintiffs are informed and believe and thereon allege that defendant HEATHER FONG ("Fong") is an individual employed by THE CITY as Chief of Police.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and Plaintiffs therefore sue such defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon

COMPLAINT

2

allege that each of these fictitiously named defendants is responsible in some manner for the occurrences, and that such aforementioned defendants' acts and omissions proximately caused the Plaintiffs' injuries as alleged herein.

7. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, each individual defendant was and is the agent, employee and servant of THE CITY and committed the occurrences, acts and omissions complained of herein while acting within the scope of such agency, employment and servitude. Each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

## GENERAL ALLEGATIONS

8. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 7 above.

9. Plaintiffs herein are members of a group of Plaintiffs who filed an action against Defendants CITY and FONG for *inter alia* racial discrimination and various civil rights violations stemming from their participation in the creation of certain video vignettes (the "VIDEOS"), entitled *Harmston, et. al. v. CCSF, et. al.*, United States District Court for the Northern District of California, Case No. 3:07-cv-01186-SI (the "*Harmston*" case).

10. As a direct result of Plaintiffs' active participation as Plaintiffs in the *Harmston* litigation, including their participation in the deposition of Chief Heather Fong on or about September 20, 2007, beginning in or about September 29, 2007, Plaintiffs were retaliated against and were subjected to an extreme degree of scrutiny including but not limited to being monitored by other officers in the performance of their duties.

11. As a direct result of Plaintiffs' participation as Plaintiffs in the *Harmston* litigation, including but not limited to their participation in the deposition of Chief Heather Fong in the *Harmston* litigation on or about September 20, 2007, Plaintiffs were

COMPLAINT

3

subjected to an extreme degree of scrutiny by Defendants, who required that Plaintiffs be monitored by other officers at all times in the performance of their duties.

12. Plaintiffs have suffered further adverse employment actions for participating in the *Harmston* litigation. The requirement imposed by Defendants of constant and intrusive supervision and monitoring at all times has caused Plaintiffs' shifts to be changed in order to accommodate the needs of the officers serving as monitors of Plaintiffs' work.

13. The shift changes required by the monitoring officers' schedules has caused extreme hardship upon Plaintiffs.

14. Plaintiffs are informed and believe and thereon allege that Defendants' intent in subjecting Plaintiffs to extreme scrutiny, demeaning them in front of their peers was done with knowledge and malicious intent.

15. Defendants have not followed Department General Orders, Policies and Practices, and Statutes covering discipline and adverse employment actions in imposing the extreme scrutiny and schedule manipulation that Plaintiffs are suffering under.

16. Plaintiffs have complained to their supervisors concerning the drastic conditions of increased scrutiny and shift manipulation, but have been ignored.

17. Plaintiffs have been subjected to scorn and ridicule by virtue of having to be supervised every moment they are on duty.

18. Plaintiffs work conditions have changed dramatically for the worse since their participation in the *Harmston* litigation.

19. Plaintiffs are informed and believe and thereon allege that because of the acts of FONG and THE CITY, they have suffered extreme humiliation and embarrassment from being monitored in the fashion described above and having their shifts changed. The acts of THE CITY and FONG have taken a great toll on Plaintiffs, including loss of friendships, alienation from family members, and

COMPLAINT

4

straining marriages, not to mention plaintiffs' personal feelings of fear, shame, and anger.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS CITY, FONG, AND DOES 1-50
## RETALIATION
### Cal. Govt. Code §12940

20. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 19 above.

21. Plaintiffs are informed and believe and thereon allege that defendants THE CITY and FONG engaged in retaliatory conduct in violation of public policy against Plaintiffs for opposing unlawful practices under FEHA.

22. Plaintiffs are informed and believe and thereon allege that THE CITY through its agent and employee FONG retaliated against Plaintiffs in violation of California Government Code § 12940.

23. Defendants did so by materially changing the employment conditions of Plaintiffs after they filed Notices of Tort Claims for their race discrimination claims related to their suspensions, which were the basis of the *Hurmston* litigation.

24. Plaintiffs are informed and believe and thereon allege that after, Plaintiffs participated in the deposition of Heather Fong in the *Hurmston* litigation, Plaintiffs were given different, odd-hour, schedules, in violation of their contracts. Plaintiffs' new positions were regarded as highly undesirable, and their new hours restricted Plaintiffs' ability to provide childcare.

25. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against Plaintiffs which are not yet fully known. When

said practices become known to Plaintiffs, they will seek leave to amend this complaint in those regards.

26. As a direct and proximate result of defendants' willful, knowing, and intentional acts, and defendants' failure to act, Plaintiff have suffered and will continue to suffer mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

27. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs rights. As such, punitive damages are warranted against defendants in order to punish and make an example of them.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY AND DOES 1-50 RETALIATION
### 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964)

28. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 27 above.

29. Plaintiffs are informed and believe and thereon allege that defendants THE CITY and engaged in retaliatory conduct in violation of public policy against Plaintiffs for opposing unlawful practices in the *Harmston* litigation.

30. Plaintiffs are informed and believe and thereon allege that THE CITY through its agent and employee FONG retaliated against Plaintiffs in violation of 42 U.S.C. 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964).

31. Defendants did so by materially changing the employment conditions of Plaintiffs after they filed Notices of Tort Claims and a Compliant in the *Harmston* litigation for their race discrimination claims related to their suspensions.

COMPLAINT

32. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against Plaintiffs which are not yet fully known. When said practices become known to Plaintiffs, they will seek leave to amend this complaint in those regards.

33. As a direct and proximate result of defendants' willful, knowing, and intentional acts, and defendants' failure to act, Plaintiffs have suffered and will continue to suffer mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

34. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against defendants in order to punish and make an example of them.

### THIRD CAUSE OF ACTION AGAINST
### DEFENDANTS CITY, FONG AND DOES 1-50
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 34 above.

36. Plaintiffs are informed and believe and thereon allege that THE CITY by and through its agents, employees and defendants FONG and DOES 1-50 acted without regard to the health and safety of Plaintiffs, and each of them treated Plaintiffs in the deplorable manner alleged herein.

37. Plaintiffs are informed and believe and thereon allege that defendants, standing in a position of authority over Plaintiffs, deliberately acted without regard to Plaintiffs' health, safety, or well-being, causing them severe emotional and physical distress.

38. Plaintiffs are informed and believe and thereon allege that as a proximate result of defendants' extreme and outrageous acts, Plaintiffs suffered severe emotional

distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendants acted with the willful knowledge that Plaintiffs would suffer severe harm as a result.

39. Plaintiffs are informed and believe and thereon allege that defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish them and make an example of their actions.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for relief as follows:

1. For general damages in excess of the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For a mandatory injunction requiring defendants to reinstate Plaintiffs to their previous positions without record of the adverse employment actions taken by defendants, pursuant to *Government Code* §12970(a);

6. For interest as provided by law;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court deems fair and just.

Dated: December 7, 2007

LAW OFFICES OF WAUKEEN Q. McCOY

By _____
WAUKEEN Q. McCOY
Attorney for Plaintiffs

COMPLAINT

## PROOF OF SERVICE

I declare:

I am employed in the County of San Francisco, State of California.

I declare at the time of delivery I was at least 18 years of age and not a party to this action. I am employed by Law Offices of Waukeen Q. McCoy, 703 Market Street, Suite 1407, San Francisco, CA 94103.

On December 11, 2007, I caused to be served:

**COMPLAINT**

**SUMMONS IN A CIVIL CASE**

on the part(ies) listed below, addressed as follows

Larry Hecimovich
San Francisco City Attorney's Office
1390 Market St., 5th Fl.
San Francisco, CA 94102

City and County of San Francisco
City Hall, Room 200
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102

Heather Fong
850 Bryant Street
San Francisco, CA 94103

**[X]   By hand delivery**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 11, 2007 at San Francisco, California.

By: _____
Shirley Escobar

# EXHIBIT B

# CITY AND COUNTY OF SAN FRANCISCO



DENNIS J. HERRERA
City Attorney

# OFFICE OF THE CITY ATTORNEY

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL: (415) 554-3933
E-MAIL: larry.hecimovich@sfgov.org

December 17, 2007

*Via Facsimile and U.S. Mail*

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Re: *Harmston et al. v. CCSF et al.,*
USDC Case No. 07-01186 SI

Re: *Cohen and Lewis v. CCSF et al.,*
USDC Case No. 07-06208 EMC

Dear Mr. McCoy:

I just received a copy of the complaint in *Cohen and Lewis v. CCSF,* USDC Case No. 07-06208 EMC. As you know, the claims set forth in that complaint duplicate the claims already before the court in the *Harmston* matter. Accordingly, those claims may not properly be the subject of a separate action. *San Remo Hotel v. City & County of San Francisco,* 545 U.S. 323, 336 (2005); *Migra v. Warren,* 465 U.S. 75, 81 (1984); *Davis v. University of Chicago,* 53 F.3d 801, 803 (1995).

Defendants will move to dismiss the new complaint unless we hear from you immediately that you intend to consolidate the cases before Judge Illston.

Finally, this will again confirm that Defendants will take Officer Damonte's deposition on Thursday and Friday as noticed. If you fail to produce Officer Damonte at that time or notify me this afternoon of any need to reschedule, Defendants will request that the case be dismissed.

Thank you for your immediate attention to these matters.

Very truly yours,

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00455567.doc

```
                                                     DATE DEC-17-20      TIME 13:34

     MODE = MEMORY TRANSMISSION        START=DEC-17 13:33     END=DEC-17 13:34

        FILE NO.=063

STN    COMM.   ONE-TOUCH/   STATION NAME/TEL NO.              PAGES     DURATION
NO.            ABBR NO.

001    OK       *           96752530                          002/002   00:00:43
```

—XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX — — XXXXX — 4155544248— XXXXXXXXX

**CITY AND COUNTY OF SAN FRANCISCO**

**OFFICE OF THE CITY ATTORNEY**

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL: (415) 554-3933
E-MAIL: larry.hecimovich@sfgov.org

# FACSIMILE COVER SHEET

## Monday, December 17, 2007: Time: 12:34 PM

| TO: | OF: | PHONE: | FAX: |
|---|---|---|---|
| Waukeen Q. McCoy | L/O Waukeen Q. McCoy | (415) 675-7705 | (415) 675-2530 |

| FROM: | OF: | PHONE: | FAX: |
|---|---|---|---|
| Larry Hecimovich | City Attorney's Office | (415) 554-3930 | (415) 554-4248 |

**MESSAGE**

Re:  *Harmston, Clayton, et al. v. CCSF, et al.*
      USDC Case No. C07-01186 SI

We are transmitting a total of **2** pages, including this cover sheet.
If you did not receive all of the pages, please call me.

**CONFIDENTIALITY NOTE**

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE SAN FRANCISCO CITY ATTORNEY'S OFFICE WHICH IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING DOCUMENT (OR THE INFORMATION CONTAINED IN IT) IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE NOTIFY OUR OFFICES IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETRIEVAL AT NO COST TO YOU.

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00428728.doc

# EXHIBIT C

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL: (415) 554-3933
E-MAIL: larry.hecimovich@sfgov.org

December 19, 2007

*Via Facsimile and U.S. Mail*

Waukeen McCoy, Esq.
Law Offices of Waukeen McCoy
703 Market Street, Suite 1407
San Francisco, CA 94103

Re: *Harmston et al. v. CCSF et al.,*
    USDC Case No. 07-01186 SI

Re: *Cohen and Lewis v. CCSF et al.,*
    USDC Case No. 07-06208 EMC

Dear Mr. McCoy:

As set forth in my previous letter, the claims set forth in *Cohen and Lewis v. CCSF*, USDC Case No. 07-06208 EMC impermissibly duplicate the claims already before the court in the *Harmston* matter. Your action in initiating a new suit (and in not filing a notice of related case at the time of filing) is accordingly in bad faith.

As you know, claims already at issue in one suit may not properly be the subject of a separate action. *San Remo Hotel v. City & County of San Francisco*, 545 U.S. 323, 336 (2005); *Davis v. University of Chicago*, 53 F.3d 801, 803 (1995).

If you assert that the allegations of the newly filed complaint are not encompassed by the existing complaint in *Harmston*, please confirm that in writing. However, please note that the rule against duplicative actions applies even if the claims are not expressly asserted in the first action, so long as the claims are based on the same "primary right" to be free from a particular injury. *Migra v. Warren*, 465 U.S. 75, 81 (1984); *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 904 (2002); *Federation of Hillside and Canyon Associations v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1203 (2004).

Based on your failure to respond to my prior letter, Defendants will move to dismiss the new complaint and will seek sanctions in the amount of their attorneys' fees incurred in bringing that motion.

Thank you for your immediate attention to these matters.

DENNIS J. HERRERA
City Attorney

LARRY HECIMOVICH
Deputy City Attorney

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

n:\labor\li2006\070245\00456124.doc

```
********** -COMM. JOURNAL- ********************  DATE DEC-19-2007 *****  TIME 17:02 **********

        MODE = MEMORY TRANSMISSION           START=DEC-19 17:00      END=DEC-19 17:02

           FILE NO.=093

    STN    COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                        PAGES      DURATION
    NO.            ABBR NO.

    001    OK      *            96752530                                    005/005    00:01:17


*********************************** -       - ****** -        4155544248- **********
```

## CITY AND COUNTY OF SAN FRANCISCO

DENNIS J. HERRERA
City Attorney

## OFFICE OF THE CITY ATTORNEY

LARRY HECIMOVICH
Deputy City Attorney

DIRECT DIAL: (415) 554-3933
E-MAIL: larry.hecimovich@sfgov.org

# FACSIMILE COVER SHEET

## Wednesday, December 19, 2007; Time: 3:57 PM

| TO: | OF: | PHONE: | FAX: |
|---|---|---|---|
| Waukeen Q. McCoy | L/O Waukeen Q. McCoy | (415) 675-7705 | (415) 675-2530 |

| FROM: | OF: | PHONE: | FAX: |
|---|---|---|---|
| Larry Hecimovich | City Attorney's Office | (415) 554-3930 | (415) 554-4248 |

### MESSAGE

Re: *Christopher Damonte, et al. v. CCSF, et al.*
SF Superior Court Case No. 456496

We are transmitting a total of **5** pages, including this cover sheet.
If you did not receive all of the pages, please call me.

### CONFIDENTIALITY NOTE

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE SAN FRANCISCO CITY ATTORNEY'S OFFICE WHICH IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING DOCUMENT (OR THE INFORMATION CONTAINED IN IT) IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE NOTIFY OUR OFFICES IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETRIEVAL AT NO COST TO YOU.

Fox Plaza · 1390 Market Street, 5th Floor · San Francisco, California 94102-5408
Reception: (415) 554-3800 · Facsimile: (415) 554-4248

n:\labor\li2007\070581\00455164.doc