DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
LAWRENCE HECIMOVICH, State Bar #129688
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3933
Facsimile:      (415) 554-4248
E-Mail:          larry.hecimovich@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
SAN FRANCISCO POLICE CHIEF HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN, an individual; JAMES LEWIS, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, an individual, and DOES 1 - 50,<br><br>　　　　　Defendant(s). | Case No. C07-06208 EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS (F.R.C.P. 12(b)(6)**<br><br>Date:　　　January 30, 2008<br>Time:　　　10:30 a.m.<br>Courtroom:　C, 15th Floor<br>　　　　　　Hon. Edward M. Chen |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................2

STATEMENT OF THE CASE..............................................................................................3

ARGUMENT .........................................................................................................................5

    I.    PLAINTIFFS' FIRST, SECOND AND THIRD CLAIMS FOR RELIEF ARE BARRED BECAUSE PLAINTIFFS WERE REQUIRED TO ASSERT THOSE CLAIMS IN THE *HARMSTON* MATTER AND ARE BARRED FROM ASSERTING THEM IN THIS ACTION...................................................5

    II.   PLAINTIFFS' FIRST, SECOND AND THIRD CLAIMS FOR RELIEF ARE BARRED BECAUSE PLAINTIFFS HAVE ASSERTED THOSE CLAIMS IN THE *HARMSTON* MATTER AND CANNOT SIMULTANEOUSLY LITIGATE THEM IN THIS MATTER ......................................................................6

    III.  PLAINTIFFS' CLAIMS FOR RELIEF FOR RETALIATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAIL TO STATE A CLAIM AGAINST CHIEF FONG BECAUSE HER DECISION TO INCREASE PLAINTIFFS' SUPERVISION IS PRIVILEGED UNDER GOVERNMENT CODE SECTION § 820.2..........................................................................................7

    IV.  CHIEF FONG'S DECISION TO INVESTIGATE COHEN'S MISCONDUCT IS PRIVILEGED UNDER GOVERNMENT CODE SECTION 821.6.................8

    V.   PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM AGAINST THE CITY BECAUSE CHIEF FONG'S ACTIONS WERE PRIVILEGED AND THIS CLAIM IS NOT BASED ON A STATUTORY MANDATE..............................................................................................................10

CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

**State Cases**

*Amylou R. v. County of Riverside*
    28 Cal. App. 4th 1205 (1994) .................................................................................9, 11

*Brown v. Poway Unified School District*
    4 Cal. 4th 820 (1993) ................................................................................................8

*Caldwell v. Montoya*
    10 Cal. 4th 972 (1995) ......................................................................................7, 8, 11

*Caminetti v. Board of Trustees*
    1 Cal. 2d. 354 (1934) ................................................................................................5

*Citizens Capital Corp. v. Spohn*
    133 Cal. App. 3d 887 (1982) ...................................................................................10

*County of Los Angeles v. Superior Court*
    102 Cal.App.4th 627 (2002) ....................................................................................11

*Eldridge v. Sierra View Local Hospital District*
    224 Cal. App. 3d 311 (1990) ...............................................................................8, 11

*Federation of Hillside and Canyon Associations v. City of Los Angeles*
    126 Cal. App. 4th 1180 (2004) .............................................................................2, 5

*Forbes v. County of San Bernadino*
    101 Cal.App.4th 48 (2002) ......................................................................................11

*Hardy v. Vial*
    48 Cal. 2d 577 (1957) ...........................................................................................7, 9

*Hollywood Circle Inc. v. Department of Alcoholic Beverage Control*
    55 Cal. 2d 728 (1961) ...............................................................................................5

*Hopper v. Allen*
    266 Cal.App.2d 797 (1968) ...................................................................................7, 8

*Kayfetz v. State of California*
    156 Cal. App. 3d 491 (1984) ...................................................................................11

*Lipman v. Brisbane Elementary School District*
    55 Cal. 2d 224 (1961) ...............................................................................................7

*Munoz v. City of Union City*
    120 Cal.App. 4th 1077 (2004) .................................................................................12

*Mycogen Corp. v. Monsanto Co.*
   28 Cal. 4th 904 (2002) ..........................................................................................2, 5

*Rosenthal v. Vogt*
   229 Cal.App.3d 69 (1991) ................................................................................10

*Sanborn v. Chronicle Pub. Co.,*
   18 Cal.3d 406 (1976) ........................................................................................11

*Searcy v. Hemet Unif. Sch. Dist.*
   177 Cal.App.3d 792 (1986) ..............................................................................11

*Shoemaker v. Myers*
   2 Cal.App.4th 1407 (1992) ................................................................................9

*Summers v. City of Cathedral City*
   225 Cal.App.3d 1047 (1990) .............................................................................9

*Taylor v. City of Los Angeles*
   144 Cal. App. 4th 1216 (2006) ..........................................................................8

*Thorn v. City of Glendale*
   28 Cal.App.4th 1379 (1994) ............................................................................12

*Weikel v. TCW Realty Fund II*
   55 Cal.App.4th 1234 (1997) ..............................................................................5

**State Statutes & Codes**

Goverment Code
   §815(a) ..........................................................................................................1, 3

Government Code
   §815 ..................................................................................................................11

Government Code
   §815.2(b) .............................................................................................1, 3, 11, 12

Government Code
   §815.6 ......................................................................................................1, 3, 11

Government Code
   §820.2 ........................................................................................................3, 11, 12

Goverment Code
   §821.6 ........................................................................................................9, 10, 12

**Federal Cases**

*Caldiera v. County of Kauai*
   866 F.2d 1175 (9th Cir. 1989) ..........................................................................6

*Davis v. University of Chicago*
   53 F.3d 801 (1995)..................................................................................................2, 6

*Harmston, Cohen, Lewis et al. v. City and County of San Francisco and Chief Heather Fong*
   USDC Case No. C07-1186 SI................................................................................2, 3, 4, 5, 6

*Kremer v. Chemical Const. Corp.*
   456 U.S. 461 (1982)..................................................................................................5

*Mack v. South Bay Beer Distributors, Inc.*
   798 F.2d 1279 (9th Cir. 1986) ..................................................................................4

*Migra v. Warren*
   465 U.S. 75 (1984)....................................................................................................2

*San Remo Hotel v. City & County of San Francisco*
   545 U.S. 323 (2005)..............................................................................................2, 6

*Santa Monica Food Not Bombs v. City of Santa Monica*
    450 F.3d 1022 (9th Cir. 2006) .................................................................................4

*Scoggin v. Schrunk*
   522 F.2d 436 (9th Cir. 1975) ....................................................................................7

*Wozniak v. County of DuPage*
   845 F.2d 677 (7th Cir. 1988) ....................................................................................7

*Zimomra v. Alamo Rent-A-Car*
   111 F.3d 1495 (10th Cir. 1997) ................................................................................4

**Federal Statutes**

Federal Rules of Evidence
   Rule 201..................................................................................................................4

**San Francisco Statutes, Codes & Ordinances**

San Francisco Charter
   §A8.343...................................................................................................................4

San Francisco Charter
   §A8.344...................................................................................................................4

**TO PLAINTIFFS ANDREW COHEN AND JAMES LEWIS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 30, 2008 at 10:30 a.m., in the Courtroom of the Honorable Edward M. Chen, Defendants the City and County of San Francisco ("the City") and Heather Fong, Chief of the San Francisco Police Department, by and through their attorneys of record (collectively "Defendants"), will and hereby do move the Court, jointly and severally, to dismiss Plaintiffs' claims as set forth below for failure to state a claim for relief.  This Motion is brought on the following grounds:

I. Plaintiffs' first, second and third claims for relief are barred because Plaintiffs were required to assert those claims in the *Harmston* matter and are barred from asserting them in this action;

Ii. Plaintiffs' first, second and third claims for relief are barred because Plaintiffs have asserted those claims in the *Harmston* matter and cannot simultaneously litigate them in this matter;

III. Plaintiffs' first and third claims for relief for retaliation under the Fair Employment and Housing Act and intentional infliction of emotional distress fail to state a claim against Chief Fong because her actions were privileged under Government Code Section § 820.2.

IV. Plaintiffs' first and third claims for relief for retaliation under the Fair Employment and Housing Act and intentional infliction of emotional distress fail to state a claim against Chief Fong because her actions were privileged under Government Code Section § 821.6.

V. Plaintiffs' third claim for relief for intentional infliction of emotional distress fail to state a claim against the City because Chief Fong's actions were privileged and these claims are not based on a statutory mandate.  Govt. Code §§ 815(a), 815.2(b), 815.6.

**INTRODUCTION**

Plaintiffs are two San Francisco police officers who created and posted on the internet a series of highly offensive video vignettes in 2005, resulting in their administrative suspension in December 2005 and the Department's filing of disciplinary charges with the Police Commission in late 2006. On August 10, 2006, Plaintiffs joined with 16 other officers to file a complaint alleging discrimination and retaliation under Title VII and FEHA as well as intentional infliction of emotional distress. Plaintiffs' retaliation claim in that matter alleged that Chief Fong has retaliated against Cohen, Lewis and four other Plaintiffs by reassigning them, disarming them, and ultimately disciplining them for "opposing unlawful practices under FEHA" by filing a charge of discrimination in May 2006. That complaint further alleges that "in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against [Cohen and Lewis] which are not yet fully known. When said practices become known to Plaintiffs, they will seek leave to amend this compliant in those regards." (Ex. A, *Harmston* FAC ¶ 74) That case is pending before Judge Illston. *Harmston, Cohen, Lewis et al. v. City and County of San Francisco and Chief Heather Fong,* USDC Case No. C07-1186 SI ("*Harmston*").

Plaintiffs' instant Complaint alleges the same three claims for relief as issue in *Harmston,* and specifically alleges that Chief Fong has retaliated against them by increasing their supervision because of their participation in the *Harmston* matter. (Complaint at ¶¶ 9-19, 22-27, 29-34, 36-39)..

Plaintiffs' claims impermissibly replicate their claims in *Harmston* and are not actionable in this separate action. *San Remo Hotel v. City & County of San Francisco,* 545 U.S. 323, 336 (2005); *Davis v. University of Chicago,* 53 F.3d 801, 803 (1995). Under California procedural law, which governs this issue, the rule against duplicative actions applies even if the claims are not expressly asserted in the first action, so long as the claims are based on the same "primary right" to be free from a particular injury. *Migra v. Warren*, 465 U.S. 75, 81 (1984); *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 904 (2002); *Federation of Hillside and Canyon Associations v. City of Los Angeles,* 126 Cal. App. 4th 1180, 1203 (2004).

DEFENDANTS' MOTION TO DISMISS
CASE NO. C07-6208 EMC

2

n:\labor\li2007\080688\00456126.doc

Even if Plaintiffs were entitled to replicate their claims in *Harmston* here, Plaintiffs' claims against Chief Fong fail because the Chief's actions are privileged under California law:

- Chief Fong's policy decision to increase supervision in the records room and to investigate Cohen's misconduct is immune from suit based on the discretionary acts privilege under Government Code Section 820.2;

- Chief Fong's policy decision to increase supervision in the records room and to investigate Cohen's misconduct is immune from suit based on the investigatory process privilege under Government Code Section 820.2; and

- Because Chief Fong is immune from suit in this matter, and because the City is not subject to suit in the absence of either vicarious or statutory liability, Plaintiffs' non-statutory claim for intentional infliction of emotional distress fail to state a claim against the City. Govt. Code §§ 815(a), 815.2(b), 815.6.

**STATEMENT OF THE CASE**

Plaintiffs are San Francisco Police Officers. The Department disciplined Plaintiffs based on their creation of and participation in unauthorized and offensive videotapes depicting police officers and members of the public engaged in conduct the Department deemed detrimental to its mission in the San Francisco community.

After Plaintiff Cohen published the videos on his website, the existence and nature of the videos became known to the press and public. The City and Department acted with urgency to address public concern and to mitigate damage to the Department's mission and public safety. The following day, the Department, through Chief Fong, suspended Plaintiffs without pay, effective immediately. (*Harmston* FAC ¶ 27) In November 2006, the Department concluded its twelve-month long investigation into the videos and Chief Fong filed charges with the Police commission recommending that Cohen and Lewis receive discipline beyond a 10-day suspension and up to and including termination of employment. (*Id.* at ¶¶ 40-44)[1]

---

[1] Under the San Francisco Charter, Chief Fong is responsible for managing the Department's personnel affairs, and had exclusive authority to temporarily suspend officers, to discipline officers (continued on next page)

On August 10, 2006, Plaintiffs joined with 16 other officers to file a complaint alleging discrimination and retaliation under Title VII and FEHA and alleging intentional infliction of emotional distress. Plaintiffs' retaliation claim in that matter alleged that Chief Fong has retaliated against Cohen, Lewis and four other Plaintiffs by reassigning them, disarming them, and ultimately disciplining them based on their "opposing unlawful practices under FEHA." (First Amended Complaint ¶ 69) Plaintiffs further alleged that "in addition to the enumerated adverse actions above, defendants, and each of them, have engaged in other unlawful practices against [Cohen and Lewis] which are not yet fully known. When said practices become known to Plaintiffs, they will seek leave to amend this compliant in those regards." (FAC ¶ 74) That case is pending before Judge Illston. *Harmston, Cohen, Lewis et al. v. City and County of San Francisco and Chief Heather Fong,* USDC Case No. C07-1186 SI.

During the *Harmston* litigation, Officer Cohen engaged in a series of improper actions in September and October 2007. Officer Cohen 1) published confidential MCD materials on his website; 2) after this Court ruled that he could not videotape Chief Fong's confidential deposition for his own purposes, secretly hooked up to the certified videographer's equipment; 3) alone or together with his counsel provided a copy of the videotape to the press, in violation of the Court's Protective Order; and 4) after being instructed by the Court to comply with the Protective Order, immediately violated its terms again by submitting confidential material from the transcript of my deposition to MCD without obtaining leave of court to do so. (Ex. B, November 6, 2007 Order) Those actions resulted in the Department's decision to increase his supervision in the records room and to investigate the appropriateness of filing further disciplinary charges against him.

---

(footnote continued from previous page)
up to 10 days and to recommend more severe discipline to the Police Commission, on behalf of the Department. *San Francisco Charter* §§ A8.343-344.

True and correct copies of Charter sections A8.343 and 344 are attached as Exhibit A to this motion. Defendants request that the Court take judicial notice of these statutory provisions. Federal Rules of Evidence, Rule 201; *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022(9th Cir. 2006); *Zimomra v. Alamo Rent-A-Car*, 111 F.3d 1495 (10th Cir. 1997); *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986).

DEFENDANTS' MOTION TO DISMISS
CASE NO. C07-6208 EMC

4

n:\labor\li2007\080688\00456126.doc

Plaintiffs' instant complaint alleges that Chief Fong has continued to retaliate against them based on their actions in prosecuting the *Harmston* lawsuit. Plaintiffs allege that "as a direct result of Plaintiffs' participation in the *Harmston* lawsuit, including their participation in [sic] the deposition of Chief Fong, on or about September 20, 2007, beginning on or about September 29, 2007, Plaintiffs were retaliated against and were subject to an extreme degree of scrutiny, including but not limited to being monitored by other officers in the performance of their duties." (Complaint, ¶ 10) Plaintiffs allege that "at all times mentioned herein, [Chief Fong] was and is the agent, employee and servant of THE CITY and committed the occurrences, acts and omissions complained of herein while acing within the scope of such agency, employment and servitude." (Complaint, ¶ 7)

## ARGUMENT

**I.  PLAINTIFFS' FIRST, SECOND AND THIRD CLAIMS FOR RELIEF ARE BARRED BECAUSE PLAINTIFFS WERE REQUIRED TO ASSERT THOSE CLAIMS IN THE *HARMSTON* MATTER AND ARE BARRED FROM ASSERTING THEM IN THIS ACTION**

Where a party has brought a prior action against the same defendant, the law "precludes the parties or their privies from relitigation issues that were or could have been raised in that action." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982).

In California, a party's prior litigation of an issue precludes a subsequent complaint against the same defendants where the two complaints are based on the same "primary right" to be free from a particular injury. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 904 (2002). "The primary rights theory incorporates a transactional approach," which bars a subsequent claim based on the same set of facts as the earlier claim. *Federation of Hillside and Canyon Associations v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1203 (2004); *Weikel v. TCW Realty Fund II,* 55 Cal.App.4th 1234, 1248 (1997); *Olsen v. Breeze,* 48 Cal.App.4th 608, 624 (1996). The California courts have consistently held that even if a party elects not to assert a claim in the earlier proceeding, his litigation of his primary right in the earlier proceeding is conclusive on all issues that were raised or could have been raised in that proceeding. *Hollywood Circle Inc. v. Department of Alcoholic Beverage Control*, 55 Cal. 2d 728 (1961); *Caminetti v. Board of Trustees,* 1 Cal. 2d. 354 (1934).

1   Accordingly, Plaintiffs cannot assert their claims relating to Chief Fong's alleged retaliation in this
2   action even if they represent to the court that they are electing not to pursue that claim in the
3   *Harmston* litigation.

## II. PLAINTIFFS' FIRST, SECOND AND THIRD CLAIMS FOR RELIEF ARE BARRED BECAUSE PLAINTIFFS HAVE ASSERTED THOSE CLAIMS IN THE *HARMSTON* MATTER AND CANNOT SIMULTANEOUSLY LITIGATE THEM IN THIS MATTER

Here, Plaintiffs are in fact litigating the same claims in the *Harmston* litigation that they purport to assert here, and this action is improper.

The *Harmston* complaint alleges Chief Fong has retaliated against Cohen, Lewis and four other Plaintiffs by reassigning them, disarming them, and ultimately disciplining them for "opposing unlawful practices under FEHA" and that "defendants, and each of them, have engaged in other unlawful practices against [Cohen and Lewis] which are not yet fully known.  When said practices become known to Plaintiffs, they will seek leave to amend this compliant in those regards."  (*Harmston* FAC ¶ 74)

The instant complaint mirrors those allegations, asserting that "as a direct result of Plaintiffs' participation in the *Harmston* lawsuit, including their participation in [sic] the deposition of Chief Fong, on or about September 20, 2007, beginning on or about September 29, 2007, Plaintiffs were retaliated against and were subject to an extreme degree of scrutiny, including but not limited to being monitored by other officers in the performance of their duties."  (Complaint, ¶ 10)

Where a litigant has asserted a factual issue in support of a legal claim in one case, he is barred from litigating that issue again in a subsequent action.  *San Remo, supra,* 545 U.S. at 336. Here, Plaintiffs have put in issue the question of whether Chief Fong has retaliated against them based on their protected complaints of discrimination, and they cannot circumvent the court's impending resolution of that issue by filing a new suit on the same grounds.  *Id.* at 336-337; *Davis v. University of Chicago,* 53 F.3d 801, 803 (1995) (barring 1983 claim for damages where plaintiff failed to assert that claim in earlier-initiated proceeding); *Caldiera v. County of Kauai,* 866 F.2d 1175, 1180-1182 (9th Cir. 1989), *cert. denied,* 493 U.S. 817 (assertion of issue in state court proceeding bars employee's 1983 action base don same factual events); *Wozniak v. County of*

1  *DuPage,* 845 F.2d 677, 681 (7th Cir. 1988) (federal court section 1983 claim barred by prior
2  initiation of state court petition for mandamus, regardless of remedies sought, where primary right
3  is same); *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975) (*en banc*), *cert denied,* 423 U.S.
4  1066 (barring subsequent federal court claim arising out of same facts "whether it was asserted in
5  state court or not").

6  **III.    PLAINTIFFS' CLAIMS FOR RELIEF FOR RETALIATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAIL TO STATE A CLAIM AGAINST CHIEF FONG BECAUSE HER DECISION TO INCREASE PLAINTIFFS' SUPERVISION IS PRIVILEGED UNDER GOVERNMENT CODE SECTION § 820.2.**

9   Chief Fong is immune from liability with regard to her official exercise of discretion or
10  judgment. *Hardy v. Vial,* 48 Cal. 2d 577, 582 (1957). The basis for this immunity is that "the fear
11  of civil lawsuits might deter officials from the zealous and unflinching discharge of their public
12  duties." *Caldwell v. Montoya*, 10 Cal. 4th 972, 979 (1995) (citing *Hardy*). Issues relating to public
13  safety are inherently discretionary in nature and implicate fundamental policy choices. *Hopper v.*
14  *Allen*, 266 Cal.App.2d 797, 803-804 (1968).

15  Here, Chief Fong's decision to increase supervision in the Department's record room is
16  clearly a policy decision. Moreover, to the extent that decision is rooted in the Department's
17  concern over Cohen's improper conduct and violation of the Court's Protective Order and other
18  court orders and MCD rules, the decision is clearly removed from the realm of ministerial decisions
19  not subject to the discretionary acts privilege. The courts have consistently held that a government
20  executive's decision to effect workplace safeguards, to enforce the employer's policies, and to
21  discipline public employees in furtherance of policy objectives is a discretionary decision, subject to
22  section 820.2 immunity defense. *Caldwell, supra,* 10 Cal. 4th 972, 982, 984 (affirming order
23  sustaining demurrer to FEHA claims challenging board members' decision, based on allegedly
24  "wrong and impermissible standards," to terminate superintendent's employment contract); *Lipman*
25  *v. Brisbane Elementary School District*, 55 Cal. 2d 224, 234 (1961) (no public employee liability
26  for actions in investigating plaintiff's qualifications and performance, despite claim that
27  investigation damaged her reputation and forced her out of her position: defendants "were within

the immunity rule when they asked questions of various persons regarding plaintiff's fitness"); *Eldridge v. Sierra View Local Hospital District,* 224 Cal. App. 3d 311, 325-326 (1990) (hospital administrator's decision to terminate public employee's employment based on conflict of interest "involv[es] discretion for which all of the defendants are immune"); *Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426 (1988) (decision by director and assistant director of county social services department to institute disciplinary proceedings held "a policy decision involving the exercise of discretion entitling them to immunity"). In enacting section 820.2, the Legislature intended "to confine potential governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School District,* 4 Cal. 4th 820, 829 (1993). The California Supreme Court has expressly found that the Legislature did not, in enacting the FEHA, intend to pierce the broad immunity section 820.2 confers upon government decision-makers. *Caldwell, supra,* 10 Cal.4th 972, 986-987; *Taylor v. City of Los Angeles,* 144 Cal. App. 4th 1216 (2006).

*Hopper v. Allen*, *supra,* 266 Cal.App.2d 797, 803-804 is instructive. In *Hopper,* Police Chief Allen was concerned about dissension in the police force resulting in publicity unfavorable to the Department. After taking disciplinary action against Officer Hopper, who Chief Allen regarded as one of a group of officers seeking to disrupt Department operations, Chief Allen published a press release setting out Hopper's allegedly improper conduct. The press release triggered newspaper coverage of the criticisms of Hopper's performance and conduct and Hopper sued for defamation. The court of appeal affirmed judgment for Chief Allen on the ground that "Chief Allen had the duty to maintain effective discipline" in the Department. *Id. at 799.*

Chief Fong's actions in this matter constituted an exercise of her official discretionary and policy-making authority as Chief of the Department. As such, her actions are privileged, and Plaintiffs' claims for relief fail to state a claim against Chief Fong.

### IV.   CHIEF FONG'S DECISION TO INVESTIGATE COHEN'S MISCONDUCT IS PRIVILEGED UNDER GOVERNMENT CODE SECTION 821.6.

Plaintiffs' claim that Chief Fong's decision to investigate Cohen's misconduct is retaliatory also triggers Chief Fong's immunity under Government Code section 821.6. That section is designed to encourage and immunize conduct relating to investigations into alleged misdeeds by

1  public officials. Section 821.6 immunity is critical to effective governing because public entities
2  must be able to investigate wrongdoing without fear of reprisal through civil litigation.

> [I]n the end [it is] better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.

*Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205, 1213 (1994), quoting *Hardy v. Vial*, 48 Cal. 2d 577, 583 (1957).

The courts have applied Section 821.6 immunity broadly to bar claims that might chill a government actor's investigation into government employees' improper conduct. See, e.g., *Hardy*, *supra*, 48 Cal. 2d 577, 583 (college officials who procured professor's dismissal by asserting allegedly false and defamatory accusations of gross immorality and unprofessional conduct privileged where investigation of wrongdoing was within scope of their authority); *Summers v. City of Cathedral City,* 225 Cal.App.3d 1047 (1990) (former employee's emotional distress claims based on alleged improper investigation and wrongful termination barred by section 821.6 immunity).

In *Kemmerer, supra*, 200 Cal.App.3d 1426, 1436-1437, the court dismissed claims against the assistant director of county social services based on his investigation of suspected employee misconduct:

> [The investigation] was an essential step to the institution of the disciplinary process and is also cloaked with immunity [under section 821.6]. The investigation, the preliminary notice and the hearing before the civil service commission come within the scope of an "administrative proceeding" as that term is used in the Government code section 821.6. It follows that pursuant to section 821.6, [the Director, the assistant director] and the county are immune from tort liability for any of the cuts done to institute and prosecute the disciplinary proceeding. *Id.*

The court of appeal's decision in *Shoemaker v. Myers,* 2 Cal.App.4th 1407, 1423-1425 (1992), affirming the entry of demurrer on Shoemaker's wrongful termination claim, is equally probative of the scope of the investigative privilege. Shoemaker, a 20-year investigator for the Department of Health Services, had an exemplary record. After Shoemaker issued a report that unlawful conduct had occurred and that the Department Director had known of and approved that conduct, his supervisor and managers subjected him to various threats and trumped up allegations and investigations and ultimately terminated his employment. The State Personnel Board

overturned the termination, and Shoemaker sued his supervisor, chief of the Department's audit and investigation division, and other Department officials. The court of appeal dismissed Shoemaker's termination claim as to all defendants, finding that "section 821.6 applies to claims against a public employee arising from the initiation or prosecution of judicial or administrative proceedings," and that the disciplinary proceedings to which Shoemaker had been subjected came within that privilege. *Id.* at 1423.

The court of appeal in *Citizens Capital Corp. v. Spohn*, 133 Cal. App. 3d 887, 889 (1982) reached a similar result. There, the Director of the state Department of Consumer Affairs and other state officials caused widespread newspaper publicity falsely charging operators of collection agencies with improper conduct. The publicity reported results of the officials' investigation and license revocation proceedings. The trial court sustained the officials' demurrer without leave to amend and the court of appeal affirmed, citing the public policy in favor of immunity "even from wrongfully motivated action…to avoid the risk of public officers avoiding their public duty for fear of the burden of trial and the risk of its outcome." *Id*. at 889; see also, *Rosenthal v. Vogt*, 229 Cal.App.3d 69, 75 (1991) (affirming entry of demurrer without leave to amend on intentional infliction of emotional distress claims based on challenge to state bar investigation involving suppression of evidence, vindictiveness and hatred).

As in each of these cases, Chief Fong's actions toward Plaintiffs were taken in relation to and as part of her ongoing supervision of Department operations and investigation of suspected misconduct. Accordingly, each of the Chief's actions at bar were privileged, and Plaintiffs' third, fifth and sixth claims for relief fail to state a claim against Chief Fong.

**V.    PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO STATE A CLAIM AGAINST THE CITY BECAUSE CHIEF FONG'S ACTIONS WERE PRIVILEGED AND THIS CLAIM IS NOT BASED ON A STATUTORY MANDATE.**

The City may only be liable for its employees' actions where those actions violate a mandatory duty binding on the City (direct liability) or where the employee whose actions trigger City liability is not herself immune from liability ("derivative" or "vicarious" liability).

As to direct liability, "in California all government tort liability is dependent on the existence of an authorizing statute or 'enactment.'" *Searcy v. Hemet Unif. Sch. Dist.,* 177 Cal.App.3d 792, 802 (1986).  Government Code section 815(a) provides that "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Government Code section 815 abolishes all common-law or judicially-created forms of liability for public entities.  *Forbes v. County of San Bernadino*, 101 Cal.App.4th 48, 53 (2002).  A plaintiff bringing a claim against a public entity must plead, among other things, that the defendant violated a mandatory duty imposed by a statute or regulation.  (*Id.*; see also *Govt. Code* § 815.6)  The statute or other enactment identified in the complaint must impose a mandatory duty on the governmental agency that "requires the agency to take a particular action." *County of Los Angeles v. Superior Court* 102 Cal.App.4th 627, 638-639 (2002).  "An enactment does not create a mandatory duty if it merely recites legislative goals and policies that must be implemented through a public agency's exercise of discretion." *Id.* (internal citation omitted).

Plaintiffs' intentional infliction claim is not based on mandatory statutory duties and thus is not directly actionable against the City.

Nor can Plaintiffs establish derivative liability on the City based on Chief Fong's alleged actions.  Government Code section 815.2(b) provides:

> Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Pursuant to this rule, "public entities are immune where their employees are immune, except as otherwise provided by statute." *Caldwell, supra* at 847 (immunity under 820.2); *Sanborn v. Chronicle Pub. Co., supra,* 18 Cal.3d 406, 414 (same); *Widdows v. Koch,* 263 Cal.App.2d 228, 238 ("if the public employee is immune under section 820.2, the public entity is similarly immune"); *Eldridge v. Sierra View Local Hospital District, supra,* 224 Cal.App.3d 311, 325-326 (same); *Amylou R. v. County of Riverside, supra*, 28 Cal. App. 4th 1205, 1213 (immunity under 821.6); *Kayfetz v. State of California, supra,* 156 Cal. App. 3d 491, 498 (same).

Plaintiffs' inability to establish direct or derivative liability against the City defeats their intentional infliction claim.  See, *e.g., Thorn v. City of Glendale,* 28 Cal.App.4th 1379, 1384-1385 (1994) (trial court properly sustained city's demurrer to tort claim where plaintiff could not plead a statutory basis for claim); *Searcy, supra,* 177 Cal.App. 3d at 796, 800-802 (same); see also *Munoz v. City of Union City*, 120 Cal.App. 4th 1077, 1110-1111 (2004) (to create direct liability, statute must evidence legislative intent specific to government entities).  Accordingly, Plaintiffs' fifth and sixth claims for relief against the City must be dismissed.  *Govt. Code* §§ 815.2(b), 820.2, 821.6.

## CONCLUSION

For each of the reasons set forth above, the court should dismiss Plaintiffs' claims.

Dated: December 26, 2007

                                  DENNIS J. HERRERA
                                  City Attorney
                                  ELIZABETH S. SALVESON
                                  Chief Labor Attorney
                                  LAWRENCE HECIMOVICH
                                  ADELMISE WARNER
                                  Deputy City Attorneys


                            By: s:/Lawrence Hecimovich
                                LAWRENCE HECIMOVICH
                                Deputy City Attorney

                                Attorneys for
                                CITY AND COUNTY OF SAN FRANCISCO and
                                SAN FRANCISCO POLICE CHIEF HEATHER
                                FONG