IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HARMSTON, et al., | No. C 07-01186 SI |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR CLARIFICATION AND GRANTING DEFENDANTS' MOTION TO CONSOLIDATE CASES** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Plaintiffs have filed a motion for clarification of the Court's November 6, 2007 Order, and defendants have filed a motion to consolidate this case with a separate action filed by two plaintiffs in this case. The motions are scheduled for hearing on February 1, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART plaintiffs' motion for clarification and GRANTS defendants' motion to consolidate.

**BACKGROUND**

Plaintiffs in this case are police officers who were involved in the making of a video that was meant to parody their work in the Bayview-Hunter's Point District. Defendants believed the video contained racist, sexist, and homophobic material, and launched an investigation into the video and took disciplinary action against certain plaintiffs as a result. Plaintiffs allege in their complaint that defendants' actions were discriminatory and violated local laws, and also that defendants retaliated

against certain plaintiffs in 2006 after the filing of this action in state court. On December 7, 2007, plaintiffs Andrew Cohen and James Lewis filed a second complaint against defendants in federal court, alleging new instances of retaliation for their participation in the deposition of San Francisco Police Chief Heather Fong on September 20, 2007. The new complaint alleges that beginning in late September 2007, defendants subjected Cohen and Lewis to intense scrutiny and monitoring while they were on duty. On January 17, 2008, the Court related the new action, *Cohen v. City and County of San Francisco*, No. C 07-6208, to this case. Defendants now move to consolidate the two cases.

On November 6, 2007, this Court issued an order holding Cohen and plaintiffs' counsel Waukeen McCoy in civil contempt and ordering them to pay sanctions to defendants for their disclosure of materials that had been deemed confidential by defendants pursuant to a stipulated protective order. *See* November 6, 2007 Order, Docket No. 105. Plaintiffs now bring a motion to clarify that order, specifically whether the sanctions are to be assessed jointly and severally, whether the court found Cohen and McCoy in criminal or civil contempt, and whether the amount of sanctions is proper.

**LEGAL STANDARD**

**I.    Motion for clarification**

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; ( 4) the judgment is void; (5) the judgment has been satisfied . . . ; (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2008). This rule may also be utilized "as an equitable remedy to prevent manifest injustice," but only under "extraordinary circumstances." *United States v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks and citations omitted). Whether to grant relief is within the sound discretion of the district court. *Am. Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997). In addition, Rule 60(a) provides that the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a) (2008).

**II.     Motion to consolidate cases**

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may . . . (1) join for hearing or trial any or all the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) (2008). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

**DISCUSSION**

**I.     Plaintiffs' motion for clarification**

Plaintiffs seek clarification of this Court's November 6, 2007 Order holding McCoy and Cohen in contempt and ordering them to pay sanctions to defendants. Defendants have declined to file an opposition or response to plaintiffs' motion. Plaintiffs style their motion for clarification as a motion under Federal Rule of Civil Procedure 60(a), which permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It appears the motion also could have been brought under Rule 60(b), which permits the Court to relieve a party from an order for mistake or any other reason that justifies relief. *Id.* at 60(b).

Plaintiffs first ask the Court to clarify whether the sanctions assessed against McCoy and Cohen are to be assessed jointly and severally. The Court clarifies that the sanctions are imposed jointly and severally. *See Int'l Union of Bricklayers & Allied Craftsman v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 & n.8 (9th Cir. 1985) (noting that where sanctions are imposed for the filing of a frivolous appeal, a court may impose the sanctions between a client and counsel jointly and severally because they are in the best position to determine who caused the appeal to be filed).

Plaintiffs ask the Court to clarify whether it held McCoy and Cohen in civil contempt or criminal contempt. Plaintiffs presumably ask for clarification because holding someone in criminal contempt requires additional Constitutional protections that were not afforded in this case. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826-27 (1994). Plaintiffs argue the Court actually

intended to hold them in criminal contempt, because the sanctions were not meant to coerce McCoy and Cohen to do that which they had previously refused to do, but instead were meant to punish McCoy and Cohen for conduct that occurred in the past. *See United Mine Workers*, 512 U.S. at 828-29. Plaintiffs are correct that where criminal sanctions are imposed, the party may not avoid the sanctions by performing an act the Court wants the party to perform, and that in this case Cohen and McCoy could not have avoided the sanctions imposed. This does not mean, however, that all sanctions based on prior conduct are criminal in nature. Rather, a party may be held in civil contempt based on prior conduct if the sanctions are meant to compensate an opposing party for costs and attorney's fees incurred in the course of responding to the misconduct. As the Ninth Circuit has explained, "there are two forms of civil contempt: compensatory and coercive." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Plaintiffs' motion does not take note of the former type of civil contempt, which is meant "to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Id.* The Supreme Court has also recognized compensatory civil sanctions, stating that a "contempt fine accordingly is considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained.'" *United Mine Workers*, 512 U.S. at 829 (quoting *United States v. Mine Workers*, 330 U.S. 258, 303-04 (1947)) (alterations in original); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110-11 (9th Cir. 2005) ("It is true that [the sanctioned parties] did not hold the keys to their cells, for they had no way of avoiding the monetary sanctions [or] the contempt finding . . . . The monetary sanctions imposed, however, were compensatory in nature because they were designed to compensate Lasar for unnecessary costs and attorney's fees and to reimburse the district court for the jury costs incurred as a result of the mistrial. It is well-established that compensatory fines are civil sanctions in the context of contempt proceedings.").

Here, the Court awarded sanctions to defendants to compensate them for injuries associated with the improper disclosure of Chief Fong's deposition and the fees incurred as a result. *See* November 6, 2007 Order at 10 ("The Court also agrees with defendants that sanctions for this contempt are appropriate to compensate defendants for plaintiffs' noncompliance."). The Court did not order Cohen and McCoy to pay sanctions to the Court itself, which would have been an indication that the sanctions

4

were punitive and criminal rather than civil and compensatory. *See Lasar*, 399 F.3d at 1111. In addition, although Cohen and McCoy could not undo their improper disclosures, the Court intended in part to coerce plaintiffs to comply with the protective order in the future, lest they face further sanctions for other violations. For these reasons, the Court clarifies that the sanctions imposed on Cohen and McCoy were civil, not criminal.

That said, the Court agrees with plaintiffs that it is necessary to correct the amount of compensatory sanctions awarded to defendants. The Court arrived at the $24,407.42 figure by relying on the declaration by defendants' counsel filed on October 12, 2007, *see* Hecimovich Decl. ¶ 42, Docket No. 70, as well as the declaration filed on October 26, 2007, *see* Hecimovich Decl. ¶ 3, Docket No. 95. Those declarations stated that defendants' counsel had spent roughly 116 hours preparing the motion for sanctions as well as the reply brief, but on further reflection the Court agrees with plaintiff that the Court most likely misinterpreted these hours as applying entirely to work performed in relation to the violation of the protective order. The first declaration states that the hours were spent "preparing for the September 27 and November 2 hearings on this motion," but those hearings involved other questions in addition to the motion for sanctions at issue here, including the motion to prevent plaintiffs from deposing Mayor Gavin Newsom and other motions related to discovery. In addition, it is unlikely defendants could have spent 116 hours on this particular motion for sanctions alone. Accordingly, the Court asks defendants to resubmit a declaration within two weeks of the date of this order putting forth only the fees and costs incurred as a result of work on the violation of the protective order by McCoy and Cohen. That amount, which should be less than the amount previously ordered, will be the amount of sanctions McCoy and Cohen must pay to compensate defendants. Plaintiffs' motion for clarification is GRANTED IN PART and DENIED IN PART.

## II. Defendants' motion to consolidate cases

Defendants move to consolidate the current action with a second case filed by plaintiffs Cohen and Lewis against defendants, *Cohen v. City and Country of San Francisco*, No. C 07-6208 SI. Plaintiffs do not oppose the motion. *See* Plaintiffs' Opposition to Motion to Dismiss in No. C 07-6208 SI at 2. The Court agrees with the parties that these cases involve common questions of law and fact

and should be consolidated pursuant to Federal Rule of Civil Procedure 42(a). Accordingly, defendants' motion to consolidate is GRANTED. The clerk will put all the documents from Case No. C 07-6208 SI into the case file for Case No. C 07-1186 SI and then close Case No. C 07-6208 SI. The parties will hereafter file all documents in Case No. C 07-1186 SI and make no further filings in Case No. C 07-6208 SI. The existing pre-trial order will apply to both cases.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART plaintiffs' motion for clarification [Docket No. 111] and GRANTS defendants' unopposed motion to consolidate [Docket No. 124].

**IT IS SO ORDERED.**

Dated: January 29, 2008

SUSAN ILLSTON
United States District Judge